**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| | **NO.  20-063** |
| **v.** | |
| | |
| **JONATHAN NYCE** | |
| *Not in Custody* | |

**<u>MEMORANDUM OPINION</u>**

Defendant Jonathan Nyce, proceeding in this matter *pro se*, is charged by indictment with wire fraud pursuant to 18 U.S.C. § 1343 (1 count) and distribution of misbranded drugs pursuant to 18 U.S.C. §§ 331(a), 331(k), 352(o), and 333(a)(2) (4 counts) in connection with marketing of unapproved animal drugs.  He has filed a Motion for Continuance of Trial Based on Three Issues: Late Arrival of "Supplemental" Discovery from the Government; Difficulty in Witness Contact over the Summer; and Unresolved Health Issues.  For the reasons that follow, Defendant's Motion shall be granted.

There is no "mechanical test" to determine whether to grant or to deny a motion for a continuance, thus courts must "examine the particular circumstances of each case." *United States v. Olfano*, 503 F.3d 240, 245-46 (3d Cir. 2007) (citing *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).  In doing so, as relevant here, factors to consider are the efficient administration of the criminal justice system and the accused's rights.  *Id.* at 246 (citing *United States v. Fischbach & Moore, Inc*., 750 F.2d 1183 (3d Cir. 1984)).

Since the Indictment was filed on the docket in February 2020, there have been numerous requests—some, but far from all, related to the COVID-19 pandemic—to continue the trial date. The case was initially specially listed for trial on March 16, 2020, ECF No. 6, but was continued to June 22, 2020, ECF No. 13, upon Defendant's unopposed request for continuance on the

1

grounds that the parties needed additional time to determine whether a non-trial disposition could be negotiated and, if not, the defense needed more time to prepare for trial.  ECF No. 10.

About a month before that second trial date, Defendant again filed an unopposed motion for continuance of trial.  ECF No. 16.  The motion expressed concern that although the defense had received discovery in the case, "due to the current pandemic and Governor Wolf's Stay At Home Order, which is in effect until at least June 5, 2020, counsel has been unable to adequately conduct investigation, confer with Dr. Nyce, and otherwise prepare for trial."  The Court granted the motion and set a new trial date of October 5, 2020.  ECF No. 18.

On August 12, 2020, the government moved to continue the trial in light of the impact of the COVID pandemic on the Court's ability to try cases.  ECF No. 19.  The Defendant did not oppose the motion.  The Court granted it and again moved the date of the trial—this time to December 14, 2020.  ECF No. 21.  In support of this motion, counsel sent to chambers a letter confirming that the defense was unopposed to the motion and "mak[ing] the Court aware in advance that due to Dr. Nyce's age and medical conditions, we may request a further continuance should the pandemic continue into December."  The letter also referred to the Defendant's potential need for surgery, and his increased risk of severe illness or death should he contract COVID.

Weeks before the December trial date, Defendant again filed an unopposed motion to continue—noting that "due to the current pandemic, counsel has been unable to adequately conduct investigation, confer with Dr. Nyce, and otherwise prepare for trial."  ECF No. 22.  The Court granted the motion and continued the trial to March 15, 2021.  ECF Nos. 23 & 24.

About a month before the scheduled trial date, defense again filed an unopposed motion to continue the date noting that "defense has received discovery in this case.  However, due to

the current pandemic, counsel has been unable to adequately conduct investigation and otherwise prepare for trial.  Furthermore, Dr. Nyce is experiencing some medical issues, which inhibit his ability to review discovery and assist counsel in trial preparation."  ECF No. 25.  The Court granted the Motion and moved the date to July 12, 2021.  ECF No. 27.

But that date was not to hold.  On June 8, 2021, Defendant filed another unopposed motion to continue trial.  ECF No. 28.  The reasons given for the request were that "due to the COVID-19 pandemic, counsel's ability to adequately conduct investigation and otherwise prepare for trial has been limited.  Furthermore, Dr. Nyce continues to experience medical issues, which have inhibited his ability to review discovery and assist counsel in trial preparation and, as recently as May 14, 2021, have caused him to be hospitalized."  ECF No. 28.  The Court granted the motion and re-listed the trial for November 15, 2021.  ECF No. 31.  The Court's trial orders establish deadlines for the parties to submit pretrial memoranda, pretrial motions, points for charge, proposed jury voir dire and verdict sheets, as well as requiring that any party who intended to call an expert at trial should deliver to the opposing party the expert's curriculum vitae and report by a date certain.  Both parties filed such documents in a timely manner, including several motions in limine which the Court subsequently ruled on.  In short, the matter was trial ready, and it appeared that all were prepared to put on their case.

Nevertheless, three and a half weeks before trial the Defendant filed another unopposed motion to continue.  ECF No. 41.  This time the rationale for the request was: "Defense counsel needs additional time to review the discovery materials with Mr. Nyce, conduct necessary investigation and legal research, determine if a non-trial disposition is possible, and otherwise prepare for trial."  The Court granted the motion and rescheduled trial for January 18, 2022.  ECF No. 45.

But that date was not to be.  At a pretrial hearing on November 16, 2021, more time was requested, ECF No. 50, and a new trial date was set for April 4, 2022, ECF No. 51.

Then on February 22, 2022, Defendant filed yet another motion for continuance.  ECF No. 58.  This time the grounds set forth by the Defendant for a continuance had evolved.  The new reasons provided for his requests were (1) that one of Defendant's expert witnesses—one Thomas Conroy—required heart surgery and would not have recuperated in time for trial; and (2) that Defendant had just lost his mother with whom he was living at the time she died, the family residence had been sold, and he was having difficulty finding a place to stay.  He asked for "three more months" to prepare his case.  This time, the government opposed Defendant's motion.  ECF No. 59.  With respect to Defendant's first point regarding Thomas Conroy's health, it noted that it had filed a motion to exclude his testimony.  (And, in fact, the Court did subsequently grant that motion.)  The government then noted that it did not have sufficient information to address Defendant's difficulties in obtaining housing nor to comment on Defendant's preparedness for trial.  In light of Defendant's *pro se* status, the Court once again granted his request for a continuance and scheduled trial for September 26, 2022.  ECF No. 60.

Now we arrive at Defendant's most recent motion for a continuance—in which he requests another 90 days to prepare his case for trial.  ECF No. 64.  He raises three grounds for his request:  First, that the government has provided him with supplemental discovery omitted from the original discovery materials he received in February 2020, an omission he says was strategically designed to disrupt his defense.  Second, he contends that because he has not yet received the government's intended witness list, he is not in a position to construct his own.  And, third, he has serious health problems requiring surgery which, while "not yet planned," could possibly "occur in the near future."

4

In opposition to Defendant's Motion, the government maintains that the material it recently produced to Defendant was *Jencks* material consisting primarily of interview reports of various witnesses which it had previously produced to defense counsel in February 2020.  The government reproduced these materials directly to Defendant to ensure that he had a complete set for trial.  In addition to those documents, it produced on a supplemental discovery disk transcripts of grand jury testimony provided by two government witnesses—the case agent and the Defendant's son; it also provided copies of seven letters Defendant wrote to the Food and Drug Administration and a copy of the certified judgment of conviction for prior offenses Defendant had committed in New Jersey.  In addition, upon reviewing the discovery disk the government realized that one grand jury transcript running to about 72 pages was not properly copied, so it mailed a paper copy to the Defendant.  Although Defendant filed a reply brief, he does not challenge the government's recitation of what it produced.  Neither does he provide any legal citation or analysis to support his view that the government's production was tardy.

In this case, the government's production is well within the requirements of the Jencks Act and Rule 26.2 and, thus, is no reason to delay the trial.  Following the decision of the United States Supreme Court in *Jencks v. United States*, 353 U.S. 657, 672 (1957), Congress passed the so-called Jencks Act, which provides that a defendant on trial in a federal criminal prosecution is entitled, for impeachment purposes, to the relevant and competent statements of a government witness in the possession of the government after the witness has testified on direct examination in the trial of the case.  18 U.S.C. § 3500.  Federal Rule of Criminal Procedure 26.2 puts meat on the bones of the Jencks Act, setting forth when the statements are to be produced ("[a]fter a witness other than the defendant has testified on direct examination"),[1] and what must be

---

[1] In fact, continuances to review Jencks Act material have been denied because defendants are "not entitled to that material until after the witnesses" have testified.  *See United States v. Byrd*, 208 F. App'x 145, 148-49 (3d Cir.

produced (the entire statement if it "relates to the subject matter of the witness's testimony"). Although the Rule provides that the court must order the statements to be produced "on motion of a party," the Rule does not prevent the government from producing the statements absent a motion or before the witness testifies. *United States v. Murphy*, 569 F.2d 771, 774 n.10 (3d Cir. 1978) ("There is nothing in the Jencks Act which would prevent voluntary pre-trial disclosure of Jencks material by a government attorney."). In this case, the government produced the statements prior to trial without requiring a motion from Defendant in order, in its words, to avoid "unnecessary delays at trial."

With respect to Defendant's claim that he is unable to develop his own list of witnesses until he receives the names of the government's witnesses, there is no requirement that the government provide him with such a list. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("It does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably."); *United States v. Addonizio*, 451 F.2d 49, 62 (3d Cir. 1971) ("[I]n no event is the Government required to divulge the identity of its witnesses in a noncapital case."). But the government has in fact provided in its pre-trial memorandum filed nearly a year ago—in October 2021, ECF No. 46—the witnesses it intends to call, which include FDA employees who, it says, will testify about their investigation into the Defendant's activities, their undercover communication with the Defendant and purchase of misbranded animal drugs from him, and correspondence between him and the FDA about those activities. Further, the government plans to put one Dr. Jean Bowman on the stand to testify, *inter alia*, about the FDA's regulations for drug manufacturers as well as a Special Agent Bryan Arcari to testify regarding his investigation

---

2006).

into Defendant's activities.  The government also plans to call customers who purchased animal

drugs from Defendant after speaking with him on the telephone as well as Defendant's son

regarding his work with his father.  The government maintains—and the Plaintiff does not

controvert—that discovery regarding these individuals has been in the Defendant's hands for

over two years, providing him adequate time to review it.  *See United States v. Pelker*, 821 F.

App'x 93, 95 (3d Cir. 2020) (holding that the district court did not abuse its discretion by

denying defendant's motion for a continuance where defendant "had access to discovery more

than one year before trial"); *see also United States v. McGavitt*, 532 F. App'x 295, 299 (3d Cir.

2013) (holding that the district court did not abuse its discretion by denying defense's request for

a continuance approximately one month before trial to review documents when defense had

already "received four extensions, totaling 300 days"); *United States v. Irizarry*, 341 F.3d 273,

305-06 (3d Cir. 2003) (holding that the district court did not abuse its discretion by denying a

continuance to review materials received two months before trial because defense counsel had

notice of the majority of "the government's allegations and predicate acts charged against" the

defendant over one year before trial).

Further, Defendant provides no information in his motion as to the nature of his difficulty

tracking down witnesses.  Pursuant to Local Rule 16.1(e), trials "will not ordinarily be continued

because of the unavailability of a witness. . . . "  And when they are, the defendant must typically

provide the court with definite information explaining the circumstances of the witness's

unavailability and why it warrants a continuance.  *See United States v. Cephas*, *Cephas*, 410 F.

App'x 528, 528 (3d Cir. 2011) (affirming the denial of a continuance due to the unavailability of

a witness where the defense "did not indicate when the witness could be present, nor how she

was unavailable"); *United States v. Fletcher*, 616 F.Supp. 16, 19-20 (E.D. Pa. 1985) (denying a

continuance "to afford an opportunity to interview and subpoena potential witnesses" because defendant failed to show due diligence locating the witnesses and that the witnesses would offer favorable testimony).  Defendant has provided no information beyond claiming "difficulty in witness contact over the summer" in his Motion's title and asserting that he requires a continuance to "subpoena his witnesses" in his reply brief.

Defendant made it known to the Court that he suffers from serious health issues early on in this matter.  Indeed, more than two years ago—on August 14, 2020—he described for the Court how his medical conditions and his potential need for surgery could result in a need to continue his trial.  A concern he raised again in his February 3, 2021 motion: "Dr. Nyce is experiencing some medical issues, which inhibit his ability to review discovery and assist counsel in trial preparation."  ECF No. 25.  And, in his June 8, 2021 motion: "Dr. Nyce continues to experience medical issues, which have inhibited his ability to review discovery and assist counsel in trial preparation and, as recently as May 14, 2021, have caused him to be hospitalized."  ECF No. 28.  These issues, raised again in Defendant's current motion, are of course concerning, but they are ongoing and standing alone cannot be a reason to delay trial again, particularly where, as here, the Defendant has provided no details now or in the instances heretofore mentioned when his surgery might be scheduled or when he may complete any necessary course of treatment.

"The grant or denial of a continuance is a matter within the discretion of the trial judge, and an abuse of that discretion will not be found unless a denial of a continuance is 'so arbitrary as to violate due process' under the circumstances."  *Addonizio*, 451 F.2d at 61 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).  Here, where the Court has granted nine motions to delay trial, this last motion was filed only three weeks before trial, and where the case has been trial

ready since April 25, 2022, neither Defendant's due process rights nor the efficient administration of justice warrants moving his trial date for a tenth time.  *See United States v. Bittenbender,* 359 F. App'x 298, 299 (3d Cir. 2009) (affirming the denial of a fourteenth pre-trial continuance); *United States v. Fisher*, 10 F.3d 115, 117-18 (3d Cir. 1993) (holding that granting a fifth continuance delaying trial by more than eight months "would have impaired the efficient administration of justice").  However, the Court is cognizant that much of the delay here was as a result of the constraints that arose from the COVID pandemic and will, accordingly, grant his motion.  It should be noted that Defendant has made a "promise" in his motion that "this is the last continuance he will request" and that the Court has every intention of holding him to his promise.

Accordingly, Defendant's Motion to Continue shall be granted.

.

**BY THE COURT:**

*/s/ Wendy Beetlestone*
_____
**WENDY BEETLESTONE, J.**